NATIONAL BANKERS LIFE INSURANCE Co., et al. *v.* JONES

No. 42398 October 8, 1962 145 So. 2d 173

*Butler, Snow, O'Mara, Stevens & Cannada, Dan Mc-Cullen,* Jackson, for appellant.

*Crisler, Crisler & Bowling,* Jackson, for appellee.

JONES, J.

Appellee filed claim before the Workmen's Compensation Commission. The claim was denied by a unanimous ruling of the Commission. Appellee appealed to the Circuit Court of the First Judicial District of Hinds County. The Commission was reversed and the claim allowed, from which finding of the circuit court appellants appeal.

Appellee's home was in Jackson, Mississippi. In April 1960, he was employed as District Manager for National Bankers' Life Insurance Company, stationed at Greenville, Mississippi, and his territory consisted of certain counties in and around Greenville. Hinds County was not in his territory although he was permitted to write insurance anywhere.

He was required to supply his own automobile and to pay his own traveling expenses.

He was injured in Hinds County, Mississippi, on April 28, 1960. On Saturday, April 23, 1960, the claimant came

from Greenville to Jackson to spend the weekend with his family. His car broke down at Bentonia, and after being brought to Jackson it was necessary to leave it to be repaired. On Saturday, April 23, he sold a 10-year term policy to one Schmidt in Jackson, collected $10.20 premium, and on the following Monday reported the sale. He was informed that he did not collect enough premium. On Wednesday, April 27, he caught a bus in Greenville and came to Jackson. He brought his brief case with him, and while at home undertook to familiarize himself with certain form policies. On arriving in Jackson, he called the garage where his car was being repaired and was informed that he could pick up the car after prayer meeting that night. He watched television until approximately 11 o'clock P. M., then went down to get his car. After getting the car, he went to a service station for gas, then traveled to Schmidt's place to collect the rest of the premium, something over $1.00. This balance on the premium belonged to the claimant, he having paid the company all that was due on the policy. He did collect the additional premium and mentioned to Schmidt a permanent plan of insurance. Thereafter, he returned to the regular and direct route from the filling station to his home, and had the accident in which he received the injuries involved.

The Commission found that the injuries sustained did not arise out of and in the course of his employment. The circuit court was of the opinion that it was a compensable case under Thrash v. Jackson Auto Sales, 232 Miss. 845, 100 So. 2d 574.

The claimant testified that he would not have made the trip from Greenville to Jackson to try to sell an insurance policy; that he would not have made the trip to collect the balance of the premiums; that if he had not been picking up his car in Jackson that afternoon, he would not have come to Jackson.

The question here is whether claimant's injuries arose out of or in the course of his employment. It is contended that because he looked over some policies, collected a premium, and discussed a permanent plan of insurance with Schmidt, that it did. The proof shows by the testimony of the claimant himself that his whole trip was to accomplish a personal mission—that is, to obtain his car and return it to Greenville. In Durr's Dependents v. Schlumberger Oil Well Surveying Corporation, et al., 227 Miss. 606, 86 So. 2d 507, this Court adopted the following statement from Vol. 1, Sec. 18.12, page 241, Larson's Workmen's Compensation Law:

"All of these widely-assorted (dual purpose) problems can best be solved by the application of a lucid formula stated by Judge Cardozo in Marks v. Gray—a formula which, when rightly understood and applied, has never yet been improved upon. Judge Cardozo said: 'A servant in New York informs his master that he is going to spend a holiday in Philadelphia, or perhaps at a distant place, at San Francisco or at Paris. The master asks him while he is there to visit a delinquent debtor and demand payment of a debt. The trip to Philadelphia, the journey to San Francisco or to Paris, is not a part of the employment. A different question would arise if performance of the service were to occasion a detour, and in the course of such detour the injuries were suffered. . . . .

'We do not say that service to the employer must be the sole cause of the journey, but at least it must be a concurrent cause. To establish liability, the inference must be permissible that the trip would have been made though the private errand had been canceled. . . . . The test in brief is this: If the work of the employee creates a necessity for travel, he is in the course of his employment, though he is serving at the same time some purpose of his own, . . . . . If, however, the work has had no part in creating the necessity for travel,

if the journey would have gone forward though the business errand had been dropped, and would have been canceled upon failure of the private purpose, though the business errand was undone, the travel is then personal, and personal the risk'.''

As heretofore stated, the automobile was the personal property of claimant and the company paid no part of the cost of operation thereof. The claimant testified the trip would not have been made, except to secure the car.

 Under these circumstances we believe the Commission was amply justified in finding from the evidence that the claimant did not sustain an accidental injury arising out of and in the course of his employment. We think the Thrash case is distinguishable on the facts. The case is therefore reversed and the order of the Workmen's Compensation Commission reinstated.

Reversed and order of Workmen's Compensation Commission reinstated.

*McGehee, C. J., and Kyle, Gillespie and McElroy, JJ.,* concur.